# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED TOLIVER, | 1:11-cv-01636-DLB (HC) |
|     Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
|     v. | |
| J. HARTLEY, | [Doc. 1] |
|     Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on September 27, 2011. Petitioner contends that the State has failed to comply with the state regulations and statutes resulting in a due process violation.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241

of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In this instance, Petitioner contends he has served beyond his maximum term and State officials have violated applicable state regulations and statutes by failing to release him. Petitioner claims are not cognizable federal claims. Therefore, Petitioner cannot receive federal habeas corpus relief on perceived violations of state law. Moreover, in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859 (2011), the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id. at 863. Accordingly, the instant petition for writ of habeas corpus must be dismissed.

## ORDER

Based on the foregoing, it is HEREBY ORDERED THAT:

1. The instant petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where

1  the applicant has made "a substantial showing of the denial of a constitutional
2  right," i.e., when "reasonable jurists would find the district court's assessment of
3  the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926,
4  943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable
5  jurists would not find this Court's decision denying Petitioner's petition for writ
6  of habeas corpus to be not "objectively unreasonable."

   IT IS SO ORDERED.

   Dated:   **October 13, 2011**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE